IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS ALBERTO ORTIZ, # 52883-037 * | |
| * | Civil Action No. PWG-14-3376 |
| Petitioner * | Criminal Action No. PWG-10-519 |
| * | |
| v * | |
| * | |
| UNITED STATES * | |
| * | |
| Respondent * | |
| *** | |

**MEMORANDUM OPINION**

On October 23, 2014, self-represented Petitioner Carlos Alberto Ortiz filed a paper captioned "Motion for Judicial Notice." ECF No. 288. On November 17, 2014, this court notified Ortiz that it intended to treat his filing as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and granted him time to indicate whether he wished to pursue a § 2255 proceeding or withdraw the paper. ECF No. 293. Ortiz indicated his intention to pursue a § 2255 Motion by filing a completed § 2255 Motion on court provided forms. ECF No. 295.

On December 16, 2014, the court ordered Respondent to file an Answer solely on the issue of the timeliness of the Motion. ECF No. 300. On January 5, 2015, Ortiz submitted a filing styled "Affidavit Judicial [sic] of Newly Discovered Evidence" in support of the Motion ECF No. 301.[1] On January 11, 2015, Respondent filed an answer seeking dismissal of the Motion as time-barred. ECF No. 302. On February 9, 2015, the court granted Ortiz twenty-eight

---

[1] This filing appears to be an excerpt from an article from an unidentified source about waivers of ineffective assistance of counsel claims in plea agreements. (ECF 301). Petitioner's plea agreement does not contain a waiver of ineffective assistance of counsel claims. (ECF 115). In any event, the "affidavit" does not change the analysis of the § 2255 Motion's timeliness.

days to show why principles of equitable tolling apply or the Motion is otherwise timely. ECF No. 303. Ortiz has not filed a reply.

The case is ready for disposition. No hearing is necessary to resolve this case. Local Rule 105.6. (2014); *see also* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons the Motion will be dismissed as time-barred and a Certificate of Appealability will not issue.

## I. Background

On November 2, 2010, Ortiz pleaded guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 115. On March 29, 2011, the court sentenced him to a 151-month term of imprisonment and a five-year term of supervised release. ECF No. 195.[2] The judgment and commitment order issued on the same day. ECF No. 196.

## II. One-Year Limitations Period

Petitions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final or, if later, from the date that a petitioner first could have raised his claim based on criteria specified in 28 U.S.C. § 2255(f)(2)–(4).[3] Ortiz does not argue

---

[2] On May 6, 2013, Ortiz's sentence was reduced to a 121-month term pursuant to Amendment 750 to the United States Sentencing Guidelines, which retroactively lowered penalties for crack-cocaine offenses. (ECF 264).

[3] Section 28 U.S.C. § 2255(f) provides in pertinent part:
    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
        (1) the date on which the judgment of conviction becomes final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

2

for or demonstrate any impediment to filing a motion or newly recognized right as delineated in 28 U.S.C. § 2255(f)(2)–(3). Insofar as Ortiz argues the one-year period started to run the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence under 28 U.S.C. § 2255(f)(4), his § 2255 Motion, supplemented § 2255 Motion, and Motion captioned "Ineffective Assistance of Counsel Based on Newly Discovered Evidence," ECF Nos. 288, 295, 301, do not mention any newly discovered facts relating to his case nor a date when such facts could have been discovered—simply that he did not initially realize some of the errors in his case. . *See* ECF No. 295. Ortiz provides no information to support a timeliness analysis under § 2255(f)(4).

Thus, the one-year limitation period began to run from "the date on which the judgment of conviction bec[ame] final." § 2255(f)(1). Petitioner's judgment of conviction became final on March 29, 2011, and the one-year clock began running on that date. Ortiz had until March 29, 2012, to file a Motion under § 2255. Ortiz filed his § 2255 Motion on October 23, 2014, more than two years beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1).

Under these facts, the Motion was untimely and must be dismissed unless principles of equitable tolling are found to apply. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States*

---

or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

*v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted); *Holland*, 560 U.S. at 649–54. A petitioner is entitled to equitable tolling if he demonstrates that he has been pursuing his rights diligently and an extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ortiz, however, does not claim entitlement to equitable tolling or provide any adequate explanation for the more than two years that passed between the expiration of the limitations period and the filing of the § 2255 Motion. Accordingly, the Motion will be dismissed as time-barred.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Ortiz has not satisfied this standard.

### IV. Conclusion

For these reasons, I will deny and dismiss the Motion as time-barred. A Certificate of Appealability shall not issue. A separate order follows this Memorandum Opinion.

04/03/15
Date

Paul W. Grimm
United States District Judge